**E-FILED**
Tuesday, 25 March, 2014 03:20:42 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| THOMAS POWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-3061-SEM |
| | ) |
| DEPUY ORTHOPAEDICS, INC., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Thomas Powers, proceeding pro se from his detention in the Rushville Treatment and Detention Center, pursues a claim under 42 U.S.C. § 1983 against Depuy Orthopaedics, Inc., for allegedly providing him with a defective hip replacement.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma

pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 651 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

As noted *supra,* Powers has filed this suit under 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon,* 378 F.3d 642, 647 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins,* 487 U.S. 42, 49-50 (1988). The first inquiry in every § 1983 case is

2

whether a state actor has deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Pramuk v. Northwestern Med. Imaging,* 2013 WL 6827816, * 2 (N.D. Ind. Dec. 23, 2013).

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Yang v. Hardin,* 37 F.3d 282, 284 (7th Cir. 1994). If the person did not act "under color of state law," the action against him must be dismissed. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982).

The United States Supreme Court defined the phrase "acting under color of state law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape,* 365 U.S. 167, 184 (1961)(citations omitted). The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. *Wyatt v. Cole,* 504 U.S. 158, 161 (1992).

In other words, Powers' Complaint must plausibly allege that Depuy Orthopaedics is a state actor. *Hu v. American Bar Ass'n.*, 2009 WL 1796441, * 1 (7th Cir. June 22, 2009). Powers' Complaint does not make this allegation. Without a state actor, there is no subject matter jurisdiction to maintain a § 1983 claim.

Even giving the Complaint the liberal interpretation to which it is entitled, Powers' Complaint does not allege enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Depuy Orthopaedics is a private corporation, and Powers has not alleged that Depuy Orthopaedics maintains any relationship—contractual or otherwise—that would subject them to a determination that it was acting under the color of law in supplying a hip replacement device to Powers.

Powers simply alleges that Depuy Orthopaedics manufactured a defective hip replacement that he received in July 2013. Powers' claim, to the extent that he possesses one, is based in state tort law, not federal constitutional law. Title 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state

law. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189 (1989).

Accordingly, the Court must dismiss Powers' Complaint because it fails to state a cause of action upon which relief can be granted and for lack of jurisdiction. The Court cannot even ask the multidistrict litigation panel in the Northern District of Texas to accept jurisdiction over this case because this Court lacks the subject matter jurisdiction to do so.

**IT IS, THEREFORE, ORDERED:**

1. This case is dismissed, without prejudice, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to

appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

**3. This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. All pending motions are DENIED as moot.**

ENTER: 03/25/2014

FOR THE COURT:

                                            s/ Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                     UNITED STATES DISTRICT JUDGE